UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DYLAN DONALD TALLMAN,

           Plaintiff,

v.                                   Case No. 22-cv-1011-pp

BONNIE GUGLER, *et al.*,

           Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO WITHDRAW MOTION FOR SUMMARY JUDGMENT (DKT. NO. 30), WITHDRAWING DEFENDANTS' MOTION AND AMENDED MOTION FOR SUMMARY JUDGMENT (DKT. NOS. 14, 21), DENYING AS MOOT DEFENDANTS' MOTION TO STAY DEADLINES (DKT. NO. 18) AND PLAINTIFF'S MOTION FOR ORDER DISMISSING DEFENDANTS' SUMMARY JUDGMENT MOTION (DKT. NO. 22), DENYING AS MOOT PLAINTIFF'S FIRST MOTION TO COMPEL (DKT. NO. 34), GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE DOE DEFENDANT (DKT. NO. 41) AND DENYING PLAINTIFF'S SECOND MOTION TO COMPEL (DKT. NO. 42)**

---

Plaintiff Dylan Donald Tallman, who is incarcerated and is representing himself, is proceeding on Fourteenth Amendment claims under 42 U.S.C. §1983. The court received the plaintiff's complaint on September 1, 2022. Dkt. No. 1. The complaint is on a form with "ATTACHMENT 1" typed at the top. Id. at 1. It is hand-written. In the space on the first page for the plaintiff to identify the district in which he will file the complaint, the word "Eastern" appears. Id. The plaintiff dated the complaint July 26, 2022. Id. at 7. The plaintiff appears to have mailed the complaint to the court, rather than e-filing it (although the institution where he was incarcerated, Dodge Correctional Institution, participates in the court's e-filing program); there is a clerk's office date/time

stamp at the top of the first page. Id. at 1. The clerk's office docketed the envelope in which it received the complaint; the postmark on the envelope is dated August 30, 2022—the day before the court received the complaint—and reflects ZIP code 53963, which is the ZIP code for Dodge County, Wisconsin. Dkt. No. 1-1. See https://www.unitedstateszipcodes.org/53963/.

On November 17, 2022, the court issued an order screening the complaint. Dkt. No. 8. The court noted in that order that it was "possible that the plaintiff did not timely file this lawsuit." Dkt. No. 8 at 9–10. The court explained that Wisconsin's three-year statute of limitation applies to claims brought under §1983. Id. It explained that while the plaintiff's claims accrued on July 28, 2019, the court had not received the complaint until September 1, 2022. Id. at 10. The court noted, however, that "the complaint is dated July 26, 2022, two days before the limitation deadline elapsed." Id. The court concluded that, for the purpose of screening, it would assume that the plaintiff timely filed his complaint and would not dismiss it as untimely. Id. But the court also made clear that "[n]othing in this decision precludes the defendants from raising the statute of limitations later if they have evidence to the contrary." Id.

On January 17, 2023, the court issued a scheduling order setting a March 20, 2023 deadline for the defendants to move for summary judgment on exhaustion grounds, and a July 31, 2023 deadline for the parties to file motions for summary judgment on the merits. Dkt. No. 12. On March 14, 2023, the defendants filed a motion for summary judgment on the ground that the plaintiff did not timely file his complaint. Dkt. No. 14. The defendants

assert, as the court had noted, that the plaintiff's claims involve events that allegedly occurred on July 28, 2019, but that he did not file his lawsuit until September 1, 2022—thirty-five days beyond the three-year limitation period. Dkt. No. 15 at 1. The defendants explain that Dodge has an institution litigation coordinator; this person and the institution librarians are the only people who perform the task of e-filing for people incarcerated at Dodge. Id. at 1-2. The defendants assert that the litigation coordinator "has diligently searched all notices of electronic filing at Dodge and there is no record of a Complaint" filed by the plaintiff against the defendants named in this case. Id. at 2. (This is not surprising; as the court has noted, the clerk's office received the complaint via U.S. mail.)

The defendants explain that the plaintiff purchased two Western District of Wisconsin complaint forms from the Dodge library on August 25, 2022, days after the statute of limitation had expired and days before the plaintiff filed this lawsuit. Id. at 2. But the defendants concede that they do not know "if those forms [purchased on August 25, 2022,] were used by the plaintiff to draft the Complaint" filed in this case. Id. This seems unlikely, because the complaint the plaintiff filed in this case lists the Eastern District of Wisconsin as the place of filing.

The defendants note that staff at Dodge "usually" send out incarcerated persons' mail "within 24 hours of receipt." Id. at 2. They assert that there is no evidence "of delay or inaction by prison staff." Id. at 4.

The defendants concluded by asking the court to dismiss the case with prejudice because the plaintiff did not timely file it. Id. at 4. The defendants also filed a separate motion asking the court to stay the deadlines from the January 17, 2023 scheduling order pending a decision on their motion for summary judgment. Dkt. No. 18.

On March 16, 2023, the court ordered the defendants to refile their motion for summary judgment because it did not include copies of Federal Rules of Civil Procedure 56(c), (d) and (e) and Civil Local Rules 7, 56(a) and (b), as required by Civil Local Rule 56(a)(1)(B) (E.D. Wis.). Dkt. No. 20. The defendants filed an amended motion for summary judgment the next day. Dkt. No. 21.

On March 17, 2023, the plaintiff responded to the motion with his own motion seeking "an order dismissing defendant's [*sic*] summary judgment." Dkt. No. 22. In his accompanying brief, the plaintiff asserts that he mailed his complaint "on July 26, 2022, 2-days prior to the statute of limitations." Dkt. No. 23 at 1. He says he gave his complaint to a Sgt. Masche at Dodge on July 26, 2022, and he filed an affidavit averring the same. Id. at 2.; Dkt. No. 27 at ¶2. He also provided the court with a copy of a disbursement request that the plaintiff says relates to his July 26, 2022 complaint; that request form shows a disbursement of $0.81 for postage on a parcel sent to this court the same day. Dkt. No. 23 at 2; Dkt. No. 26-1 at 1. The plaintiff says that the business office "did not sign off on it until 8-24-22." Dkt. No. 23 at 2. The plaintiff explains that he filed three cases in the Western District of Wisconsin around the time

that he purchased the complaint forms from the Dodge library; he says those are the cases for which he purchased the complaint forms that the defendants mention in their motion. Dkt. No. 27 at ¶3; Dkt. No. 26-1 at 2–5. The plaintiff asks that the court dismiss the defendants' motion for summary judgment. Dkt. No. 23 at 5. He filed a separate response opposing the defendants' motion to stay the discovery and summary judgment deadlines. Dkt. No. 29.

The defendants did not file a reply in support of their motion for summary judgment. Instead, on March 30, 2023, the court received from the defendants a motion to withdraw their motion for summary judgment based on the statute of limitation. Dkt. No. 30. The defendants assert that "the date on Plaintiff's Exhibit 1 appears modified." Id. at 1. Exhibit 1 is the disbursement request that the plaintiff says relates to his complaint, which he says he gave to prison staff on July 26, 2022. Dkt. No. 26-1 at 1. The defendants also assert that "mail is not likely to sit for such an extended period after being turned in." Dkt. No. 30 at 1. They nonetheless "conclude that doubt exists as to when the Complaint was turned in which may preclude summary judgment." Id. The defendants renew their motion for an extension of time to file a motion for summary judgment based on the plaintiff's failure to exhaust administrative remedies. Id. That deadline elapsed on March 20, 2023. Dkt. No. 12 at ¶2.

The plaintiff does not oppose the defendants' motion to withdraw, but he does oppose their request to extend the deadline to move for summary judgment on exhaustion grounds. Dkt. No. 31. He asserts that he "exhausted administrative remedies," and that the deadline for the defendants to move for

summary judgment on that ground "is over." Id. He claims that the defendants are withholding discovery responsive to requests he sent on January 19, 2023. Id.

The parties agree that there are genuine disputes of material fact about whether the plaintiff timely filed the complaint. The defendants cite facts suggesting the plaintiff did not file his complaint until August 2022 at the earliest, including the complaint forms he purchased that month. The plaintiff says those complaint forms are for complaints he filed in the Western District of Wisconsin and not in this court, and he points to facts suggesting that the business office at Dodge held on to his completed complaint for weeks before mailing it to this court. The defendants contend that it is not likely the prison's business office would allow his complaint to sit around for that amount of time before mailing it. Both sides present evidence supporting their positions, including sworn statements averring to the relevant events. Because there appear to be questions of material fact regarding whether the plaintiff timely filed his complaint, and because the plaintiff does not oppose the defendants' motion to withdraw their motion for summary judgment, the court will grant the defendants' motion and will allow them to withdraw their motion and amended motion for summary judgment on the ground that the plaintiff did not timely file his complaint.

As the court noted, however, the plaintiff filed what he says is the disbursement request for the postage costs to his complaint. Dkt. No. 26-1 at 1. The defendants suggest that the signed-on date is altered, but they do not

6
Case 2:22-cv-01011-PP    Filed 08/10/23    Page 6 of 14    Document 61

characterize that supposed modification as a reason to grant their motion, investigate further or impose sanctions. Dkt. No. 30 at 1. Here is the full Exhibit from the plaintiff's filing:

![Disbursement Request form]

Dkt. No. 26-1 at 1. If one zooms in on the box labeled "Date Signed," there clearly is a scribbled-out character before the date begins:



Id. That scribbling could suggest someone modified the date, as the defendants suggest. It could just as easily be an innocent mistake. Perhaps the person dating the form (the plaintiff) began to write an incorrect number for the month (perhaps an "8" because it was nearly August 2022 at the time) before realizing his error and correcting it by scribbling out the incorrect number and writing the correct date. As best the court can see from the faint copy, the ink color and hue in the Date Signed box match the ink color and hue in the top half of the form, which the plaintiff also would have filled out. That suggests the same person completed the form and dated it at the same time. There is no conclusive evidence that the scribbled-out character is an improper modification of the disbursement request form.

But there is a different reason to question the authenticity of the disbursement request—one the defendants did not discuss. At the top of the form, in the same ink color and hue and in what appears to be the same handwriting as the rest of the disbursement request, is a case number. That case number is *not* the number for this case (22-cv-1011); it is 20-cv-275.

**REQUEST**
**EMBOLSO**     20 cv 275

WISCONSIN
Administrative Code
Chapter DOC 309

NUMBER NUMERO DOC | FACILITY (Abbreviate) HOUSING UNIT/FLOOR/CELL
ESTABLECIMIENTO UNIDAD / PISO / CELDA

Id. at 1.

Since August 2017, the plaintiff has filed fourteen cases in this district. Case No. 20-cv-275 is one of the plaintiff's previous cases, which was assigned to Judge J.P. Stadtmueller. Judge Stadtmueller dismissed that case on November 25, 2020 because it failed to state a claim, and entered judgment the same day. Case No. 20-cv-275-JPS, Dkt. Nos. 15, 16. The disbursement request in Dkt. No. 26-1 at 1 does not appear on the docket for Case No. 20-cv-275 and the plaintiff has filed nothing in that case since December 14, 2020, so there is no direct evidence that the plaintiff modified and filed a doctored disbursement request from the earlier case to manufacture a genuine dispute as to whether he timely filed the complaint.

Again, there may be an innocent explanation for the incorrect case number being listed on the disbursement request. The court notes that Case No. 20-cv-275 ended in November 2020, well before the plaintiff filed this lawsuit (whether that was in July or September 2022), so there is no period during which both cases were pending. Perhaps the plaintiff initially planned to use the disbursement request for a filing in Case No. 20-cv-275, but the case ended before he needed to request disbursement. Perhaps the form was left over from that case. Perhaps the plaintiff simply wrote the wrong case number on the disbursement request form. The defendants say nothing about the incorrect case number on the plaintiff's disbursement request. While this mislabeling is curious, the court cannot conclude that the mislabeling alone is

conclusive evidence that the disbursement form was modified or falsified to create a genuine dispute of fact in this case.

Because the court is granting the defendants' motion to withdraw their motions for summary judgment on timeliness grounds, it will deny the previous motions as moot. That includes the defendants' motion to stay the deadlines for discovery and dispositive motions (Dkt. No. 18) and the plaintiff's response motion to the defendants' motion for summary judgment (Dkt. No. 22).

While the defendants' motion for summary judgment was pending, but after they asked the court to stay the deadlines, the deadline for the defendants to move for summary judgment on exhaustion grounds elapsed. On June 7, 2023, the defendants nonetheless moved for summary judgment on exhaustion grounds. Dkt. No. 37. The court ordered the plaintiff to respond to that motion by July 7, 2023, dkt. no. 46, and the court received his response on June 20, 2023, dkt. no. 47. The defendants' motion for summary judgment on exhaustion grounds now is fully briefed. Because the court had not yet ruled on the defendants' motion to stay their deadline to file that motion when the deadline elapsed, dkt. no. 18, the court will consider the defendants' motion for summary judgment on exhaustion grounds to be timely filed. The court will address that motion in a separate order.

The plaintiff's deadline to identify the Doe defendant elapsed on April 3, 2023. The plaintiff says the defendants have not responded to his January 2023 discovery requests, which the court presumes pertain to the Doe defendant. On May 8, 2023, the court received the plaintiff's first motion to

compel evidence, in which the plaintiff reiterates that he had not received discovery responses from the defendants, even though he served his requests on the defendants 105 days earlier. Dkt. No. 34. The defendants oppose this motion on several grounds, including that the plaintiff did not make a good faith attempt to confer before filing the motion; the defendants did not yet have the plaintiff's medical authorization and could not fully respond to his discovery requests until May 22, 2023; and the defendants' motion to stay deadlines (including the deadline for discovery) still was pending. Dkt. No. 36. The defendants also assert that they completed their discovery responses and sent them to the plaintiff as of May 30, 2023. Id. at 3.

That final ground is most relevant to the first motion to compel because on June 7, 2023, the court received the plaintiff's motion to substitute the Doe placeholder with Sergeant Michael Seavers. Dkt. No. 41. The plaintiff says he obtained that defendant's name through discovery on June 2, 2023. Id. He says his delay in identifying the Doe defendant is "due to the defense taking almost 5 months to respond to discovery." Id. The plaintiff also filed a reply brief in support of his motion to compel in which he contests each of the defendants' grounds for denying the motion. Dkt. No. 44. He says the defendants "objected to nearly every question and failed to produce requested documents and requested camera footage," and therefore that his motion is not moot. Id. at 2. The plaintiff also filed a second motion to compel, in which he requests the camera footage that he says he did not receive in response to his first set of discovery requests. Dkt. No. 42. The court will address the second

motion to compel below. Because the plaintiff has received responses to his discovery requests, the court will deny his first motion to compel as moot. Dkt. No. 34. The court will grant his motion to substitute Sergeant Seavers for the Doe placeholder. Dkt. No. 41. The court will provide service of the complaint, the screening order and this order electronically under the informal service agreement between the Wisconsin Department of Justice and the court.

On June 7, 2023, the court received the plaintiff's second motion to compel. Dkt. No. 42. The plaintiff requests camera footage from prison staff working second and third shift on July 28, 2019, which he says he requested earlier in discovery. Id. The plaintiff says that in the defendants' responses to his discovery requests (which they say they sent by May 30, 2023), the defendants told him they searched for the relevant body-camera footage but "no body camera footage was located responsive to" the plaintiff's requests. Id. at ¶2. The plaintiff says the defendants produced "body camera footage from earlier in the day" but did not produce footage from second and third shifts, which is when he says the relevant events occurred. Id. at ¶3. He says the footage from the first shift, which is the only footage the defendants say is available, is "not relevant to [his] claim." Id.

The defendants oppose the motion. Dkt. No. 52. They first say that the plaintiff again did not attempt to confer in good faith about the missing evidence before filing this motion. Id. at 1–2 (citing Fed. R. Civ. P. 37(1)). They also assert, as they did in their response to the plaintiff's discovery requests, that the only footage available is from earlier in the day on July 28, 2019; they

assert that footage from around 11:15 p.m., which "would depict the actual incident," was not preserved or was overwritten. Id. at 2. The defendants say they again contacted prison staff "to ensure that any potential storage place was checked." Id. at 3. Prison staff informed defense counsel "that the footage simply must not have been preserved back in 2019." Id.

The court cannot order the defendants to produce evidence that does not exist. The court is aware that staff at Wisconsin Department of Corrections institutions do not automatically preserve all video footage taken from body-worn cameras that staff at those institutions wear. An interested incarcerated person must request that staff preserve certain footage. The defendants aver that no one (including the plaintiff) requested that the footage from second and third shift on July 28, 2019, be preserved, and assert that it likely has been overwritten. The court must deny the plaintiff's motion to compel the nonexistent evidence.

As the court noted above, the court will enter a separate order deciding the defendants' motion for summary judgment on exhaustion grounds. If the court grants that motion, it will dismiss this case without prejudice. If the court denies that motion, the court will set new deadlines for the parties to complete additional discovery and to file dispositive motions on the merits. The court advises the parties that, if this case proceeds on the merits, they should work together to complete all outstanding discovery before filing dispositive motions on the merits. **The parties must not resume discovery until the court has issued an order on the defendants' motion for summary**

**judgment on exhaustion grounds and then only if the court denies that motion.**

The court **GRANTS** the defendants' motion to withdraw their motion for summary judgment based on the statute of limitations. Dkt. No. 30. The court **ORDERS** that the defendants' motion for summary judgment and amended motion for summary judgment are **WITHDRAWN**. Dkt. Nos. 14, 21.

The court **DENIES AS MOOT** the defendants' motion to stay deadlines pending a decision on their motion for summary judgment. Dkt. No. 18.

The court **DENIES AS MOOT** the plaintiff's motion for an order dismissing the defendants' summary judgment motion. Dkt. No. 22.

The court **DENIES AS MOOT** the plaintiff's first motion to compel. Dkt. No. 34.

The court **GRANTS** the plaintiff's motion to substitute Sergeant Michael Seavers for the Doe placeholder. Dkt. No. 41. The court **DIRECTS** the Clerk of Court to add Sergeant Michael Seavers in place of the Sergeant 2nd Shift Doe Defendant placeholder.

The court **DENIES** the plaintiff's second motion to compel. Dkt. No. 42.

Dated in Milwaukee, Wisconsin this 10th day of August, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
